UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                  :
BENJAMIN W. USELTON,                              :
                                                  :        CASE NO. 1:12-CV-02475
                    Plaintiff,                    :
                                                  :
vs.                                               :        OPINION & ORDER
                                                  :        [Resolving Docs. Nos. 3, 14.]
JAMES L. FERGUSON, *et. al.*,                     :
                                                  :
                    Defendants.                   :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Benjamin Uselton filed this action under 42 U.S.C. § 1983 against Defendants
(1) James L. Ferguson; (2) Franklin County, Ohio; and (3) certain unknown employees of Franklin
County.[1/]  A jury convicted Uselton of two counts of involuntary manslaughter and selling Xanax.
Uselton says that Ferguson fabricated his qualifications, testimony, and certain evidence that caused
Uselton's conviction.  Ferguson and Franklin County move the Court to dismiss Uselton's claims
under Federal Rule of Civil Procedure 12(b)(6).  They say that his complaint fails to state a claim
upon which relief can be granted.[2/]  For the reasons below, the Court **GRANTS** Ferguson's and
Franklin County's motions to dismiss without prejudice.

## I. Background[3/]

    On April 23 and 24, 2002, then nineteen-year-old Benjamin Uselton sold Xanax pills to his
friends, nineteen-year-old Adam Howell and sixteen-year-old Mike Roberts.[4/]  In the afternoon of

---

[1/]Doc. 1.
[2/]Docs. 3, 14.  Uselton opposed those motions.  Docs. 9, 25.  The Defendants replied.  Docs. 11, 26.
[3/]The facts below represent Uselton's version of the events.
[4/]Doc. 1 at 5.

Case No. 1:12-CV-02475
Gwin, J.

April 24, 2002, Howell and Roberts drove to Robert's mother's house.[5] There, they smoked marijuana, ingested cocaine, and purportedly ingested Xanax pills.[6] Early the next morning, Howell and Roberts were found dead along Route 42 in Ashland, Ohio.[7] Howell had apparently driven his vehicle off Route 42 and crashed it into a wall.[8]

The Ashland County Coroner sent Howell's and Robert's bodies to the Cuyahoga County Coroner's Office for autopsies and toxicological testing.[9] There, the Cuyahoga County Corner found cocaine and marijuana in Howell and Roberts but did not find detectable levels of Xanax.[10] Uselton says that the Ashland County Prosecutor was dissatisfied with these findings.[11] As a result, Uselton says, the Prosecutor sent a blood sample from Howell to Defendant James Ferguson, the Chief Toxicologist and Director of the Franklin County Coroner's Office.[12]

Uselton says that Ferguson then fabricated test results and a report that showed Xanax in Howell's system.[13] Based on Ferguson's report, the Ashland County Prosecutor charged Uselton with two counts of involuntary manslaughter and one count of selling Xanax.[14] At Uselton's trial, Ferguson testified about his report.[15] Uselton says that Ferguson lied about the report, his testing

---

[5] Doc. 1 at 5.
[6] Doc. 1 at 5.
[7] Doc. 1 at 5.
[8] Doc. 1 at 5.
[9] Doc. 1 at 5.
[10] Doc. 1 at 5.
[11] Doc. 1 at 6.
[12] Doc. 1 at 6.
[13] Doc. 1 at 7.
[14] Doc. 1 at 10.
[15] Doc. 1 at 10.

Case No. 1:12-CV-02475
Gwin, J.

methodology, and his qualifications.[16/] The jury found Uselton guilty.[17/]  The trial court sentenced

Uselton to two consecutive five-year terms for the two counts of involuntary manslaughter and nine

months for selling Xanax.[18/]

In October 2010, Uselton says that he learned that Ferguson had been convicted of lying

under oath.[19/]  Ferguson pled no contest to those charges,[20/] and he was sentenced to 180 days in jail

with 150 days suspended.[21/]  Generally, Uselton says that Ferguson lied about his credentials in other

trials, which resulted in the wrongful conviction of other criminal defendants.[22/]  He says that some

of these defendants have been exonerated because of the discovery of Ferguson's false testimony.[23/]

In January 2011, the Ohio Governor commuted Uselton's sentence.[24/]  Uselton then moved

for judicial release,[25/] and the trial court granted his motion.[26/]  On July 25, 2011, Uselton was

released from prison.  He served eight years and two months.[27/]

On October 3, 2012, Uselton filed this action under § 1983.[28/]  He makes claims for: (1)

violation of his right to a fair trial and appeal; (2) false imprisonment; (3) malicious prosecution; and

(4) conspiracy.  He also makes a claim against Franklin County under *Monell v. Dep't of Soc. Servs.*

---

[16/]Doc. 1 at 10.
[17/]Doc. 1 at 10.
[18/]Doc. 1 at 10.
[19/]Doc. 1 at 9.
[20/]Doc. 1 at 9.
[21/]Doc. 1 at 9.
[22/]Doc. 1 at 9-10.
[23/]Doc. 1 at 9-10.
[24/]Doc. 1 at 10.
[25/]Doc. 1 at 10.
[26/]Doc. 1 at 10.
[27/]Doc. 1 at 10.
[28/]Doc. 1.

Case No. 1:12-CV-02475
Gwin, J.

*of City of New York*, 436 U.S. 658 (1978).  Ferguson and Franklin County have moved the Court to

dismiss Uselton's claims under Rule 12(b)(6).[29]

## II.  Legal Standard

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff

fails to state a claim upon which relief may be granted.[30]  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'"[31]  Federal Rule of Civil Procedure 8 provides the general standard of pleading

and only requires that a complaint "contain . . . a short plain statement of the claim showing that the

pleader is entitled to relief."[32]  In deciding a motion to dismiss under Rule 12(b)(6), "a court should

assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's

conclusory allegations as true.  *Iqbal*, 129 S. Ct. at 1949-51.

## III.  Law & Analysis

The Court finds that Uselton has failed to state a claim on which relief can be granted.  He

has failed to plead sufficient facts in his complaint, that if accepted as true, would show that *Heck*

*v. Humphrey*, 512 U.S. 477 (1994), does not bar his claims.

*A.*  Heck*'s Favorable Termination Requirement*

First, Uselton has failed to plead that he has satisfied *Heck*'s favorable termination

requirement.  In *Heck*, the Supreme Court held:

[I]n order to recover damages for allegedly unconstitutional conviction or

---

[29]/Docs. 3, 14.
[30]/Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45 (1957).
[31]/*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[32]/Fed. R. Civ. P. 8(a)(2).

Case No. 1:12-CV-02475
Gwin, J.

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.512.[33]

Here, Uselton has failed to plead that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus.[34]  Instead, he says that he is not required to plead satisfaction of *Heck*'s favorable termination requirement because he is ineligible for habeas corpus relief as a matter of law.

But Uselton has failed to plead facts that support that conclusion.  Uselton says only that he is ineligible for habeas relief because he has served his sentence and is no longer incarcerated.  The Sixth Circuit has said, however, that a habeas petitioner's release from custody to parole does not moot a habeas claim because that petitioner has not been pardoned and the collateral consequences of the conviction remain.[35]  Uselton's counsel told this Court that Uselton remains on parole.  Thus, Uselton cannot satisfy Rule 8 by pleading only that he is not incarcerated.  And Uselton has failed to identify other impediments—such as § 2254's statute of limitations—that would prevent him from pursuing habeas relief.[36]  Consequently, Uselton has failed to plead facts to support his claim that

---

[33]512 U.S. at 486-87 (footnote omitted).

[34]To the extent that Uselton says that the Ohio Governor's commutation of his sentence or his judicial release shows the requisite favorable termination of his conviction, Uselton is wrong.  Under Ohio law, commutation is merely the "substitution by the governor of a lesser for a greater punishment." Ohio Rev. Code § 2967.01.  Commutation does not invalidate the previous conviction or sentence.  Similarly, judicial release is merely a statutory scheme that  gives the sentencing court the power to reduce an offender's sentence when that offender meets certain statutory criteria. Ohio Rev. Code § 2920.20.  Judicial release does not invalidate the previous conviction or sentence.

[35]*See Turner v. Bagley*, 401 F.3d 718 (6th Cir. 2005).

[36]Even if Uselton had pled that § 2254's statute of limitations barred him from pursuing habeas relief, he would still need to plead that he was ineligible for equitable tolling.  *See Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (tolling AEDPA's statute of limitations based on new evidence of actual innocence).

Case No. 1:12-CV-02475
Gwin, J.

he is ineligible for federal habeas relief.

Even if Uselton had successfully pled that he was ineligible for federal habeas relief, he has failed to plead that he is similarly foreclosed from pursuing relief under Ohio law.  As best this Court can tell, Uselton could pursue the favorable termination of his conviction through Ohio's post-conviction scheme.[37/]  Similarly, under Ohio Rule of Criminal Procedure 33, Uselton could file a motion to reopen his case in the trial court where he was convicted.[38/]  Thus, Uselton has failed to plead that he is precluded from showing favorable termination of his conviction under Ohio law. As a result, because Uselton has failed to plead facts to support his conclusion that he is ineligible for federal habeas relief, and because Uselton has failed to plead that he cannot show favorable termination of his conviction under Ohio law, the Court finds that Uselton is not excused from *Heck*'s favorable termination requirement.

*B.  Imply the Invalidity of His Conviction*

Second, Uselton has also failed to plead facts to support his conclusion: that success on the merits of his § 1983 claims would not necessarily imply the invalidity of his conviction.  The Supreme Court has described the central determination that must be made: a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[39/]  However, the Court

---

[37/]Ohio's post-conviction scheme does not have an in-custody requirement.  *See* Ohio Rev. Code § 2953.21 (petition for post-conviction relief); Ohio Rev. Code § 2953.23 (second or successive petitions).

[38/]Generally, Uselton would have to file that motion within 120 days of the verdict.  Ohio Crim. R. 33.  But the rule has an exception for newly discovered evidence.  *See State v. Williams*, 2013-Ohio-1905 (Ohio Ct. App. May 9, 2013) ("To obtain leave, the defendant must demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the new evidence within the time period specified by Crim.R. 33(B)").

[39/]*Heck*, 512 U.S. at 487.

Case No. 1:12-CV-02475
Gwin, J.

said that if a "plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit."[40/]

Here, Uselton pled facts that show that success on his § 1983 claims would necessarily imply the invalidity of his conviction.  In his complaint, Uselton says that "[b]ecause the primary . . . issue in Uselton's trial . . . was  the proximate causation between Uselton's act of selling the Xanax pills . . . [and] the decedent's vehicular crash, Ferguson's report and trial testimony were critical."  He says that "[w]ithout Ferguson's testimony, Uselton could not have been convicted."[41/]   That is correct.  Put simply, Ferguson's testimony and toxicology report were the only evidence that directly linked Uselton to his friends' car crash and deaths.  That evidence formed the basis for his conviction.  If Uselton proved that Ferguson fabricated the toxicology report, he would undermine the only evidence directly linking him to the crash.  Without that evidence, a jury could not have convicted Uselton.  Thus, Uselton has failed to plead facts to support his conclusion that success on the merits of his § 1983 claims would not necessarily imply the invalidity of his conviction.

## IV. Conclusion

For the reasons above, the Court **GRANTS** Ferguson's and Franklin County's motions to

---

[40/] *Id.* (footnotes omitted).
[41/] Doc. 1 at 7.

Case No. 1:12-CV-02475
Gwin, J.

dismiss without prejudice.

      IT IS SO ORDERED.


Dated: May 28, 2013                      s/        *James S. Gwin*
                                                   JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE